# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**JOHN B. THOMPSON,**

    **Plaintiff,**

vs.                                  Case No. 4:10cv309-SPM/WCS

**FLORIDA SUPREME COURT,**

    **Defendant.**

_____/

## REPORT AND RECOMMENDATION

Plaintiff, pro se, has filed a notice of voluntary dismissal. Doc. 27. Plaintiff's notice states that under FED. R. CIV. P. 41(a)(1) he is entitled to dismiss this action without prejudice and without a court order. Doc. 27. Plaintiff has correctly cited to the rule, and because the Defendant has not filed an answer or motion for summary judgment, Plaintiff is entitled to automatically dismiss this case.

Judicial notice is taken, however, this is *not* the first case Plaintiff has initiated against the Florida Supreme Court. Judicial notice is further taken that this case is related to and includes the same claim Plaintiff brought in his prior case.

On August 18, 2009, Plaintiff filed a complaint against the Florida Supreme Court in case 4:09cv317-RH/AK. Plaintiff employed the same tactic he has used now; after

Defendant filed a motion to dismiss, doc. 7, Plaintiff filed a notice of voluntary dismissal without prejudice.  Doc. 18.  Magistrate Judge Allan Kornblum accepted the notice, and the case was dismissed without prejudice on December 28, 2009.  Doc. 21.  Plaintiff's 49-page complaint in that case brought allegations concerning, among other things, the fact that the Florida Supreme Court entered a show cause order direct Plaintiff to demonstrate why he should not be sanctioned and be banned from filing further pleadings on his own behalf.  Doc. 1, p. 17, case 4:09cv317.  The Court entered the sanction over Plaintiff's response, doc. 18, and Plaintiff brought suit here in this Court alleging a violation of his First Amendment right to petition the Government for redress of his grievances, a violation of his Fifth and Fourteenth Amendment rights to due process, and a violation of two provisions of the Florida Constitution.  Doc. 1, pp. 25-26.  It is clear that case concerned Plaintiff's challenge to self-representation, the same challenge he brings in this case.  *See* docs. 1, 25.  In Plaintiff's recent notice, he clearly identifies the substance of this case; Plaintiff is seeking "declaratory relief as to his constitutional right to file pleadings in the Florida Supreme Court, *pro se*.  Doc. 25, p. 2.

     Accordingly, under Rule 41(a)(1), Plaintiff is correct that he is entitled to voluntarily dismiss his case at this time.  However, Plaintiff is incorrect that he may do so without prejudice.  Under Rule 41(a)(1)(B), "if the plaintiff previously dismissed any federal- or state-court action based on or including the same claim, a notice of dismissal operates as an adjudication on the merits."  Plaintiff's notice is accepted in part.  This case will be dismissed upon Plaintiff's notice, doc. 27, but dismissal is with prejudice as this is a successive case as explained above.

**RECOMMENDATION**

In light of the foregoing, it is respectfully **RECOMMENDED** that Plaintiff's notice of voluntary dismissal, doc. 27, be **ACCEPTED in part**, and Plaintiff be permitted to automatically dismiss this action. Pursuant to FED. R. CIV. P. 41(a)(1)(B), Plaintiff's dismissal is **with prejudice** as Plaintiff has previously brought a case challenging his inability to appear *pro se* before the Florida Supreme Court and he previously voluntarily dismissed that case as well.[1]

**IN CHAMBERS** at Tallahassee, Florida, on September 30, 2010.

    s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

**NOTICE TO THE PARTIES**

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

---

[1] Should Plaintiff attempt to refile this action again, Plaintiff's attention is directed to FED. R. CIV. P. 41(d) which *may* require Plaintiff to "pay all or part of the costs of" this case.